* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

The court will entertain no further filings from Johnston with respect to the merits of her appeal.

AFFIRMED.

Alan LONGSTAFF, d/b/a Alan Longstaff Masonry Co., Plaintiff—Appellant,

v.

KATO CORPORATION, INC., a Washington corporation; et al., Defendants—Appellees.

No. 03–35591.

D.C. No. CV–99–05079–JKA.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 19, 2004.

Guy Jeffrey Sternal, Fax 206, Jackson Lewis LLP, Los Angeles, CA, for Plaintiff–Appellant.

John K. Rice, Midvale, UT, Lawrence H. Vance, Jr., Esq., John H. Guin, Winston & Cashatt Seafirst Financial Center, Spokane, WA, for Defendant–Appellee.

R.App. P. 34(a)(2).

Before LEAVY, MCKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM **

Alan Longstaff d/b/a Longstaff Masonry Co. ("Longstaff") appeals the district court's order denying his motion for a trial de novo and granting Kato Corporation, Inc.'s ("Kato") cross-motion for confirmation of the arbitrator's final award. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision regarding the validity and scope of arbitration clauses. *Paulson v. Dean Witter Reynolds, Inc.*, 905 F.2d 1251, 1254 (9th Cir.1990). We review de novo the confirmation or vacation of an arbitration award. *Coutee v. Barington Capital Group, L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003). We affirm.

Because the Stipulation and Order, which stated that the parties shall submit their disputes to binding arbitration, is an agreement in writing to submit an existing controversy to arbitration and supersedes the subcontract agreement, the arbitration is binding on the parties. *See* 9 U.S.C. § 2; *Nghiem v. NEC Electronic, Inc.*, 25 F.3d 1437, 1440 (9th Cir.1994) (holding that once a party submits to arbitration, he cannot then change his mind because of an adverse result and is bound by the arbitrator's decision). Thus, the district court's confirmation of the arbitrator's final award, which included an award of attorney's fees and costs, was proper.

We do not consider issues Longstaff raises for the first time on appeal. *See*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Woods v. Saturn Distribution Corp.*, 78 F.3d 424, 430 (9th Cir.1996).

AFFIRMED.